**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRIENDS OF THE EARTH, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**EXPORT-IMPORT BANK OF THE UNITED STATES,**<br><br>**Defendant.** | **Civil Action No. 26-3592** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Friends of the Earth and Justiça Ambiental — nonprofit environmental organizations based in the United States and Mozambique, respectively — and five Mozambican individuals challenge the decision of the Export-Import Bank of the United States (EXIM) and its acting Board of Directors to extend a $4.7 billion loan to a natural-gas construction project in Mozambique. See ECF No. 6 (Redacted Compl.), ¶¶ 1–2. The project is in an active conflict zone that has seen horrific violence in recent years, including mass murder, sexual violence, and torture. Id., ¶¶ 3–4. Plaintiffs allege that the project has "exacerbated the ongoing conflict" and "devastate[d] the local environment." Id., ¶ 6. Arguing that EXIM's loan violates the Administrative Procedure Act, the Export-Import Bank Act of 1945, and EXIM's internal policies and procedures, Plaintiffs seek an injunction against the disbursement of any funds pursuant to EXIM's loan decision and a declaration that its decision was unlawful, null, and void. Id., ¶¶ 15–16.

Plaintiffs have filed a Motion for Pseudonymity and Sealing to shield the Mozambican individuals (collectively, "Individual Plaintiffs") from feared retaliation by Mozambique's

government for their participation in this lawsuit. See generally ECF No. 1-1 (Mot.). As part of that Motion, they also seek a protective order restricting access to sealed materials to EXIM staff and U.S. attorneys who have appeared in this matter. Id. at 11–13. The Court will grant the Motion in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); see also LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Complaints typically must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously therefore "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,
(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

As a general matter, Plaintiffs filing a civil complaint must also file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Child.'s Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

(1) the need for public access to the documents at issue;
(2) the extent of previous public access to the documents;
(3) the fact that someone has objected to disclosure, and the identity of that person;
(4) the strength of any property and privacy interests asserted;
(5) the possibility of prejudice to those opposing disclosure; and
(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

Finally, a court may, for good cause, issue a protective order to "[a] party or any person from whom discovery is sought" to protect them from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The moving party 'bears the burden of making the showing of good cause contemplated by the rule.'" Smith v. Yeager, 322 F.R.D. 96, 99 (D.D.C. 2017) (quoting Alexander v. FBI, 186 F.R.D. 71, 75 (D.D.C. 1998)).

## II. Analysis

The Court addresses pseudonymity and sealing in turn. It addresses the request for a protective order last.

A. Pseudonymity

Individual Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

First, they do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (citation omitted) (alteration in original). Relevant here, privacy can include "maintaining [Individual Plaintiffs'] and their family members' safety." Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); see also R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op. & Order) at 3 (D.D.C. Sep. 12, 2023) (determining that history of "severe violence and threats" shows that "Plaintiffs seek to avoid much graver harms than mere annoyance and criticism"). Plaintiffs assert that "[t]he government of Mozambique has threatened, harassed, arbitrarily arrested, and even kidnapped, disappeared, or assassinated its critics," and that Plaintiff Justiça Ambiental has "experienced the threats associated with challenging corporate interests in Mozambique." Mot. at 3–5; see also id. (substantiating risk of retaliation with reports from U.S. State Department and human-rights organizations, as well as declarations). Because "[p]owerful individuals in the government have a vested interest in profiting from the Project," they argue, disclosure of their identities would potentially put them at risk of life and limb. Id. at 6. At this preliminary stage, that is enough to persuade the Court that Individual Plaintiffs' privacy interests support pseudonymity. See Mot. 7–8.

The second factor, concerning the "risk of retaliatory physical or mental harm," favors granting pseudonymity for the same reasons. See In re Sealed Case, 971 F.3d at 326 (citation omitted); Chang v. Republic of S. Sudan, 548 F. Supp. 3d 34, 38 (D.D.C. 2021) (finding that first

and second factors supported pseudonymity where plaintiffs feared retaliation from South Sudan's government or its supporters).

As to the third factor, Individual Plaintiffs concede that it is "mostly neutral because [they] are adults," while noting generally that disclosure of their identities "could put their . . . children[] at risk." See Mot. at 8; cf. J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op. & Order) at 4 (D.D.C. May 9, 2023) (finding that this factor favored pseudonymity because adult Plaintiffs "share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

The fourth factor is neutral. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quotation marks and citation omitted); see Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019). But the analysis also depends on "the nature of the relief sought." Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024). Plaintiffs seek declaratory and injunctive relief that would stop EXIM from disbursing the approved funds to the project and direct it to "comply with all substantive and procedural requirements in federal law and EXIM's own policies" going forward. See Redacted Compl. at 98–99 (prayer for relief). Such relief would effectively "alter the operation of public law both as applied to" this case and to other projects and parties in the future. In re Sealed Case, 971 F.3d at 329; cf. Blinken, No. 24-1629, at 5 (noting fourth factor favors pseudonymity where plaintiff seeks "individualized relief against a government defendant"). This factor thus has little net effect.

The fifth and final factor supports granting the Motion. If Individual Plaintiffs were to proceed pseudonymously, Defendant would suffer no unfairness because its counsel already has access to the unredacted portions of the Complaint, including their "names, villages, and ages." See Mot. at 9, 11; cf. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Going forward, Defendant will remain free to request any further information it deems necessary to the full and fair defense of the case, and Plaintiffs will remain free to object.

While the third and fourth factors are largely neutral, the others favor permitting Individual Plaintiffs to proceed under pseudonyms at this stage. The Court will accordingly grant the Motion with respect to pseudonymity.

B. Sealing

Although Individual Plaintiffs at times ask to "fil[e] the Complaint under seal," see, e.g., Mot. at 9 (formatting altered), they in fact "seek to seal identifying information from the Complaint, including their names, villages, and ages" through targeted redactions. Id. In practice, such sealing requests are "akin to a request to proceed under a pseudonym." Doe v. Lieberman, 2020 WL 13260569, at *2 (D.D.C. Aug. 5, 2020). Still, the Court will briefly address the Hubbard factors.

The first factor, concerning "the need for public access to the documents at issue," weighs slightly in favor of sealing. Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). To be sure, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Child.'s Ctr., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts

have attached a heightened public interest. See Hubbard, 650 F.2d at 317; Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press . . . is at its apex when the government is a party.") (quoting Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014)). Here, however, Plaintiffs do not seek to seal the entire suit from public view; their request extends only to those portions of filings that identify the individuals who live in Mozambique, see Mot. at 9 — information that is "not critical in aiding the public's understanding of the allegations made." Jones v. Trump, 2025 WL 485419, at *3 (D.D.C. Feb. 13, 2025). The "targeted" nature of their request tips this factor toward sealing. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sep. 7, 2023).

The second Hubbard factor is neutral. The "public's previous access to the sealed information" may counsel against sealing. CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021); see Hubbard, 650 F.2d at 318. But here, the public has never had access to information about the identities of Individual Plaintiffs: the Complaint filed on the public docket refers to those individuals only by pseudonyms and redacts identifying information. The second factor therefore "neither favor[s] nor disfavor[s]" granting the Motion. United States *ex rel.* Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013); see United States *ex rel.* Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 67–68 (D.D.C. 2011).

The third factor supports sealing. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," follows suit. Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Individual Plaintiffs' privacy interests are strong because they fear that public disclosure of their

identities would "put them at risk of physical retaliation, imprisonment, and even assassination." See Mot. at 10; Bunch v. Republic of S. Sudan, 2022 WL 22627571, at *1–2 (D.D.C. Sep. 16, 2022). The privacy interests that support pseudonymity — discussed at greater length above — thus weigh in favor of sealing.

The fifth factor is neutral. This factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal. Hubbard, 650 F.2d at 320–21; see All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 85. When, as here, a party has not identified such prejudice, the fifth factor does not tip to either side. See Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009).

The sixth and final factor concerns "the purposes for which the documents were introduced." Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (alteration in original) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). But where a party seeks to seal only limited portions of the pleadings that are not at issue in the case, this factor can favor sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting Durham, 818 F. Supp. 2d at 69). Here, the sixth factor thus weighs in favor of sealing.

In the end, no Hubbard factors favor disclosure, so the Court will grant the request to seal identifying information about Individual Plaintiffs. They have already filed two documents, plus attachments, under seal. See Mot.; ECF No. 4 (Notice). The Court will permit the Notice to remain sealed but will order Plaintiffs to file the Motion at issue here — along with the attached

Memorandum in Support and Proposed Order, but not the unredacted Complaint — on the public docket. To the extent that those documents contain any identifying information, Plaintiffs may redact it consistent with this Opinion. The Court will also order all parties to file any additional identifying information about Plaintiffs under seal.

The Court will not, however, issue a separate protective order at this time. Plaintiffs seek an order, apparently under Federal Rule of Civil Procedure 26(c), see Mot. at 12 (quoting Doe v. District of Columbia, 697 F.2d 1115, 1120 (D.C. Cir. 1983)), restricting access to the sealed material to "U.S. government employees (EXIM)[] and individuals who are licensed to practice law in the United States and have appeared in this matter." See id. But Rule 26(c) governs protective orders for "[a] party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1) (emphasis added); id. (enumerating examples that all pertain to discovery disputes). The requested protective order thus falls outside the Rule's scope; without more, the Court will not issue it on different grounds. The Court will therefore deny the Motion as to the protective order and leave any issues related to discovery for the assigned judge to address.

## III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [1] Motion to Proceed Under Pseudonym and Seal is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3. The [4] Notice of Plaintiffs' Names and Addresses and the [1-3] unredacted Complaint shall remain sealed, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
4. All parties shall file any additional identifying information about Plaintiffs under seal; and
5. Within fourteen days of this Order, Plaintiffs shall file pseudonymous versions of their [1] Motion, [1-1] Memorandum in Support, and [1-2] Proposed Order as a Notice to the Court on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 23, 2026